USCA1 Opinion

 

 [Not for Publication] United States Court of Appeals For the First Circuit ____________________ No. 97-1239 UNITED STATES, Appellee, v. ALFRED W. TRENKLER, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Morris M. Goldings, with whom Amy J. Axelrod, R. David Beck, and ___________________ ______________ _____________ Mahoney, Hawkes & Goldings, LLP, were on brief for appellant. _______________________________ Kevin P. McGrath, Assistant United States Attorney, with whom _________________ Donald K. Stern, United States Attorney, was on brief for appellee. _______________ ____________________ January 6, 1998 ____________________ STAHL, Circuit Judge. Defendant-appellant Alfred STAHL, Circuit Judge. ______________ W. Trenkler appeals district court orders denying his various motions for a new trial, for an inquiry into possible juror misconduct, and for an evidentiary hearing on the basis of newly acquired evidence. We conclude that the district court properly denied the motions, and, therefore, we affirm. I. I. __ Facts and Procedural History Facts and Procedural History ____________________________ On November 29, 1993, defendant was convicted of conspiracy under 18 U.S.C. 371, receipt of explosive materials under 18 U.S.C. 844(d), and attempted malicious destruction of property by means of an explosive under 18 U.S.C. 844(i), for his role in creating a pipe bomb that resulted in the death of one Boston bomb squad officer and the serious injury of another officer. In his appeal to this court, we held that the trial court had erred by admitting evidence from a Bureau of Alcohol, Tobacco and Firearms ("ATF") computerized database of bombings ("EXIS"), which the government had introduced at trial under the catch-all exception to the hearsay rule, Fed. R. Evid. 803(24), to establish the identity of the bombmaker. See United States v. Trenkler, 61 F.3d 45, 59 (1st Cir. ___ _____________ ________ 1995). We reasoned that the government had not convincingly demonstrated the reliability of the EXIS database evidence. See id. We also concluded, however, that the error was ___ ___ -2- 2 harmless beyond a reasonable doubt, principally on the basis that a government witness and convicted felon, William David Lindholm, had testified that defendant had built the pipe bomb at issue, but also on the basis that the government had provided ample evidence, including out of court statements by defendant's alleged co-conspirator, Thomas Shay, Jr., to establish a relationship between defendant and Shay Jr. Id. ___ at 60-61. Developments subsequent to defendant's appeal bring him before us once again. First, defendant learned from an article in the Boston Globe on August 1, 1995, that Lindholm had been released from prison on September 30, 1994, thirty- seven months into his ninety-seven month sentence. On August 8, 1995, defendant filed with this court a motion to remand for an inquiry into a possible undisclosed deal between Lindholm and the government. We denied the motion because the district court was the proper forum for the request. Second, on June 22, 1995, we held in Shay Jr.'s appeal of his conviction arising from the same incident that the district court had erred by excluding testimony by Dr. Robert Phillips that Shay Jr.'s incriminating statements were unreliable because Shay Jr. suffered from a recognized mental disorder known as "pseudologia fantastica." On remand, the district court held that the doctor's testimony was both reliable and relevant and was, accordingly, admissible as an -3- 3 "alternative, non-incriminating explanation for Shay Jr.'s seemingly incriminating statements." The results of Shay Jr.'s appeal are relevant to defendant Trenkler because, on the basis of the district court's original exclusion of the statements in Shay Jr.'s trial, defendant's trial counsel concluded that it would be futile to seek to introduce the doctor's testimony in defendant's trial and thus did not attempt to do so. Finally, on October 15, 1996, defendant learned that a woman named Donna Shea had notified the ATF that an alternate juror at his trial, Ramona Walsh, had known defendant. During voir dire Walsh had not admitted to ____ ____ knowing defendant. The government initiated an investigation into Shea's allegations, pursuant to which an ATF agent interviewed both Shea and a third party, Nancy Tolmie (now Nancy Russell). Shea claimed in her interviews that alternate juror Walsh had been present at three or four cocaine sales that Shea had made to Tolmie twelve years prior to the Trenkler trial. Further, she claimed that defendant may have been present at those sales. Tolmie admitted in her interview that she had purchased cocaine from Shea during the time period in question, but she denied that Walsh had ever accompanied her on those occasions. In an ATF Report of Investigation, the government concluded that Shea's allegations were groundless. -4- 4 Subsequently, on the basis of Lindholm's early release from prison, and this court's evidentiary ruling in Shay Jr.'s appeal on the testimony of Dr. Phillips, defendant filed in the district court on December 22, 1995, a motion for a new trial pursuant to Fed. R. Crim. P. 33 or, alternatively, an evidentiary hearing based on newly acquired evidence. While that motion was pending, on November 19, 1996, Trenkler filed a motion for inquiry into possible juror misconduct and for a new trial on the basis of Shea's allegations regarding Walsh. The district court denied the motions, respectively, on February 4, 1997, and May 22, 1997. This appeal followed.  II. II. ___ Discussion Discussion __________ A. Juror Misconduct ____________________ Defendant first argues that the district court abused its discretion in denying his motion for inquiry into possible juror misconduct and for a new trial because it failed to conduct an independent inquiry regarding the misconduct allegation. Specifically, he contends that the court's failure to conduct an inquiry and to grant a new trial based on the allegations of juror misconduct violated his Sixth Amendment right to an impartial jury. He also contends that the court improperly based its findings -5- 5 entirely on statements obtained for the government by the ATF agent. We review a district court's determination that no juror misconduct occurred for a patent abuse of discretion. See United States v. Hunnewell, 891 F.2d 955, 961 (1st Cir. ___ _____________ _________ 1989). We likewise review the denial of a motion for a new trial for manifest abuse of discretion. See United States v. ___ _____________ Tibolt, 72 F.3d 965, 972 (1st Cir. 1995). ______ As an initial matter, we note that the court was justified in relying on the report of the ATF agent's interviews with Shea and Tolmie. As the government rightly points out, it was the government who first brought the charge of juror misconduct to the attention of the district court, and defendant failed to present any evidence that would place into question the accuracy of the report. We next turn to the court's determinations. When there has been a "nonfrivolous suggestion" of juror bias or misconduct, "the district court must undertake an adequate inquiry to determine whether the alleged incident occurred and if so, whether it was prejudicial." United States v. ______________ Gaston-Brito, 64 F.3d 11, 12 (1st Cir. 1995) (internal ____________ citations omitted). Although this threshold is not particularly high, see Neron v. Tierney, 841 F.2d 1197, 1202 ___ _____ _______ n.6 (1st Cir. 1988), the district court shall not "intru[de] into the sphere of jury privacy," id. at 1205, without ___ -6- 6 evidence "sufficient to undergird genuine doubts about impartiality," id. at 1202. ___ Defendant has presented no such evidence. As the district court observed, Shea did not claim that Walsh knew anything about defendant or had ever spoken to him, nor had she alleged any other facts that would lead one to believe that Walsh would recognize defendant twelve years later. Moreover, not only did Tolmie contradict Shea's allegations but, in addition, Shea herself contradicted them by admitting that defendant did not know "or have any dealings with" Walsh during the relevant time period. On the basis of these circumstances alone we find that the district court committed no patent abuse of discretion in finding that Shea's allegations of misconduct by an alternate juror were conjectural and did not trigger a duty to investigate. The court therefore committed no abuse of discretion in denying a new trial. B. Newly Discovered Evidence _____________________________ Defendant's second argument is that the district court abused its discretion in denying his motion for a new trial or, alternatively, an evidentiary hearing based on newly acquired evidence, because it used inappropriate standards in considering the newly discovered evidence regarding Lindholm, and because it improperly declined to -7- 7 recognize Dr. Phillips's testimony as "unavailable" to him at the time of his trial.  We begin with the Lindholm issue. In normal circumstances, a motion for a new trial based on newly discovered evidence must show that the evidence was (1) unknown or unavailable at the time of trial, (2) despite due diligence, (3) material, and (4) likely to result in an acquittal upon retrial. See United States v. Ortiz, 23 F.3d ___ _____________ _____ 21, 27 (1st Cir. 1994). A less stringent standard of review applies, however, when the new evidence was in the government's control and its disclosure was withheld, and when there is an allegation that a witness committed perjury. In particular, in situations in which the government has withheld evidence, a court should grant a new trial if there is a "reasonable probability" that the evidence would have changed the result. Tibolt, 72 F.3d at 971. Perjury ______ allegations should prompt a new trial when the court is "reasonably-well satisfied" that the testimony was false and that, without the false testimony, the jury "might have reached a different result." United States v. Wright, 625 _____________ ______ F.2d 1017, 1020 (1st Cir. 1980) (internal citation omitted). In this case, there is no basis for applying a more lenient standard. The district court rightly observed that nothing in the record indicates that Lindholm perjured -8- 8 himself or that his early release from prison was the result of a deal made prior to the trial that the government failed to disclose. Rather, all evidence, including an affidavit from an assistant U.S. Attorney which defendant has not challenged, unequivocally leads to the conclusion that Lindholm's early release arrangement was made several months after the Trenkler trial. The district court's use of the more stringent standard was therefore appropriate. Furthermore, that there is no evidence of perjury or nondisclosure by itself suffices to defeat defendant's argument: there is simply no basis, under the first Ortiz _____ factor, on which to conclude that the "new evidence" or any agreement associated with it even existed at the time of the trial. Accordingly, our independent review of the evidence convinces us that the district court did not abuse its discretion in denying an evidentiary hearing and a new trial on this issue. Defendant's next claim is that Dr. Phillips's testimony regarding Shay Jr.'s condition of pseudologia fantastica constitutes newly discovered evidence. In particular, defendant argues that his trial counsel chose not to offer the testimony because the district court had excluded it at Shay Jr.'s trial and that our remand of the testimony issue in that case to the district court for further consideration rendered the testimony newly discovered -9- 9 evidence. We, like the district court, reject this argument.  Under no interpretation of the standard was Dr. Phillips's testimony unknown or unavailable at the time of defendant's trial. That the district court excluded the testimony in Shay Jr.'s trial and that defendant's trial counsel believed it would be futile to offer it in light of the prior trial do not excuse him from making the offer. The decision of defendant's trial counsel in this case not to offer the testimony may have been part of his reasonable trial strategy: although some of Shay Jr.'s statements were not favorable to Trenkler, some of his admissions supported Trenkler's defense. Thus, trial counsel may have determined that it would be unwise to risk discrediting Shay Jr.'s admissions, even for the sake of discrediting his statements about the existence of a co-conspiracy between Shay Jr. and defendant. In any event, the district court did not abuse its discretion in concluding that the proffered testimony failed to meet the first prong of the Ortiz test, thus _____ denying defendant's motion on this issue. In sum, the district court did not abuse its discretion with regard to any of the issues in this appeal.  Affirmed. Affirmed ________ -10- 10